# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CARROLL and MARIAN CARROLL, husband and wife, 421 Champion Circle Troop, PA 18512<br><br>      Plaintiffs,<br><br>vs.<br><br>WATERMAN EXCAVATING, INC., 2 Gavin Avenue Adams, Massachusetts 01220, and<br><br>CECIL LIPSCOMB, JR., 306 Beaver Street North Adams, Massachusetts 01247<br><br>      Defendants. | DOCKET: 3:17-cv-_____ |

## COMPLAINT

The Plaintiffs, Michael Carroll and Marian Carroll, husband and wife, (collectively "Plaintiffs"), by their undersigned counsel, hereby complain of Defendants, Waterman Excavating, Inc, and Cecil Lipscomb, Jr. (collectively "Defendants"), and in support thereof aver as follows:

## PARTIES

1. Plaintiff Michael Carroll is an adult and competent individual who currently resides at 421 Champion Circle, Throop, Lackawanna County, Pennsylvania, 18512.

1

2. Plaintiff Marian Carroll is an adult and competent individual who currently resides at 421 Champion Circle, Throop, Lackawanna County, Pennsylvania, 18512.

3. Defendant Waterman Excavating Inc. is a single location business that is privately owned which maintains its principle place of business at 2 Gavin Avenue, Adams, Massachusetts 01220.

4. Defendant Cecil Lipscomb, Jr. resides at 306 Beaver Street, North Adams, Massachusetts 01247, and was at all relevant times an employee of Defendant Waterman Excavating Inc.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is conferred by 28 U.S.C. § 1332(a) by virtue of the parties' diversity of citizenship and the amount in controversy.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. On January 11, 2017, Plaintiff Michael Carroll was employed by the Pennsylvania State Police and was acting in his capacity as a Pennsylvania State Trooper at all times relevant hereto.

8. On January 11, 2017, at approximately 2:35 a.m., Plaintiff Michael Carroll was investigating an automobile crash on Interstate 84, Westbound in

Dingman Township, Pike County.

9. At the same time and place, the Defendant Cecil Lipscomb Jr. was driving a 2007 International Harvester 9400 Tractor owned, rented and/or controlled by Defendant Waterman Excavating Inc. and was traveling Westbound on Interstate 84.

10. At all times relevant hereto, Defendant Waterman Excavating Inc. acted by and through its various employees, workmen, servants and/or agents including, but not limited to Defendant Cecil Lipscomb, Jr.

11. At all times relevant hereto, Defendant Cecil Lipscomb, Jr. acted as employee, workman servant and/or agent of Defendant Waterman Excavating, Inc.

12. On the aforesaid date and time, Defendant Lipscomb was operating the aforesaid tractor trailer unit within the course and scope of his agency and/or employment and under the direction and control of Defendant Waterman Excavating, Inc.

13. At all times relevant hereto, Defendant Waterman Excavating, Inc. was deemed to be the employer of Defendant Lipscomb in accordance with the provisions of the Federal Motor Carrier Safety regulations.

14. Defendant Cecil Lipscomb Jr. failed to slow down and respond to emergency vehicles that were pulled to the side of Interstate 84 violently colliding

with State Police Cruiser then striking Plaintiff Michael Carroll, who was outside the State Police Cruiser investigating a non-related automobile accident.

15. Plaintiff Michael Carroll had arrived on scene approximately twenty to twenty-five minutes prior to being struck by Defendant Cecil Lipscomb, Jr.

16. During that timeframe, Plaintiff Michael Carroll interviewed various individuals involved in the non-related automobile accident outside of his State Police cruiser.

17. Plaintiff Michael Carroll then had a conversation with various State Troopers on the side of the Interstate to assess the scene.

18. Thereafter, Plaintiff Michael Carroll was violently struck by Defendant Cecil Lipscomb, Jr. while standing near his State Police cruiser.

19. The force of the impact caused Plaintiff Michael Carroll to be thrown in the air, he then had to crawl to his final resting place near a guard rail on the shoulder of Interstate 84.

20. Solely as a result of the carelessness, recklessness and negligence of the Defendants, the Plaintiff Michael Carroll, suffered painful and permanent injuries to his body including, but not limited to: concussion syndrome, as well as cervical, thoracic and lumbar injuries.

## COUNT I – NEGLIGENCE
### (Michael Carroll vs. Cecil Lipscomb, Jr.)

21. The Plaintiffs incorporates paragraphs 1 through 20 above as fully as if the same were set forth at length herein.

22. The collision was caused solely by the carelessness, recklessness and negligence of the Defendant Cecil Lipscomb Jr. acting as the agent, servant and employee of Defendant Waterman Excavating, Inc. in that Defendant Lipscomb was:

   a. driving the tractor trailer with willful and/or wanton disregard of the safety of Plaintiff in violation of 75 Pa. C.S.A. §3736;

   b. driving the tractor trailer with willful and wanton disregard for safety of Plaintiff in violation of 75 Pa. C.S.A. §3361; disregard for the safety of other persons;

   c. failing to make necessary and reasonable observations;

   d. failing to have the truck under proper control;

   e. being inattentive and failing to maintain a proper lookout of the road, vehicles and conditions surrounding him;

   f. failing to timely apply the brakes;

   g. operating the truck without due regard for the safety of the Plaintiff;

   h. violently and without warning crashing into the emergency vehicles;

   i. violently and without warning striking the Plaintiff;

j. failing to have his vehicle under his constant control so as to be able to stop before causing injuries to any person;

k. traveling at an excess rate of speed under the circumstances;

l. in failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff;

m. operating the vehicle in such a reckless manner when Defendant Lipscomb knew or should have known that do to the weather conditions, he would have difficulty bringing his vehicle to a stop;

n. operating the tractor trailer in excess of his allotted hours pursuant to the Federal Motor Carrier Safety Regulations;

o. operating the vehicle under the influence of alcohol and cocaine in violation of the Federal Motor Carrier Safety Regulations;

p. failing to operate his tractor trailer unit in accordance with Federal Motor Carrier Safety Regulations;

q. failing to properly control his trailer unit in light of the circumstances then and there existing;

r. failing to react reasonably and appropriately under the circumstances then and there existing;

s. violating both the written and unwritten policies, rules, guidelines and regulations of Defendant Waterman Excavating, Inc.;

t. failing to appraise himself and/or abide by the written and unwritten policies, procedures and/or guidelines of Defendant Waterman Excavating, Inc.;

u. failing to appraise himself and/or abide by the Federal Motor Carrier Safety Regulations; and

    v. failing to appraise himself and/or abide by regulations and laws pertaining to the operation of commercial vehicles.

23. As the direct and proximate result of the carelessness, recklessness and negligence of the Defendants, the Plaintiff Michael Carroll suffered and will continue to suffer severe, painful and permanent injuries to his body aforementioned.

24. As a result of his injuries, Plaintiff Michael Carroll required medical treatment and incurred medical bills for his treatment, and he will continue to require medical treatment and incur medical bills for an indefinite period into the future. Additionally, the Plaintiff's worker's compensation carrier is exerting a lien in this matter.

25. As a result of the Defendants' carelessness, recklessness and negligence, Plaintiff Michael Carroll endured pain and suffering, and she will continue to endure pain and suffering for an indefinite time into the future.

26. As a result of the Defendants' carelessness, recklessness and negligence, Plaintiff Michael Carroll suffered embarrassment and humiliation, and he will continue to suffer embarrassment and humiliation for an indefinite time into the future.

27. As a result of the Defendants' carelessness, recklessness and negligence, Plaintiff Michael Carroll suffered a loss of the ability to enjoy the pleasures of life

and he will continue to suffer a loss of ability to enjoy the pleasures life for an indefinite time into the future.

28. As a further result of her injuries sustained, the Plaintiff Michael Carroll has suffered wage loss, and his earning capacity will be impaired for an indefinite time into the future.

**WHEREFORE**, Plaintiff Michael Carroll demands judgment against the Defendants in an amount in excess of the $75,000.00 jurisdictional limits for diversity jurisdiction together with punitive damages, costs, delay damages, prejudgment and post judgment interest as the law may allow.

### COUNT II – NEGLIGENCE
### (Michael Carroll vs. Waterman Excavating, Inc.)

29. The Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 28 inclusive as though the same were fully set forth at length herein.

30. The Defendant Waterman Excavating, Inc., was careless, reckless and negligent as follows:

    a. failing to properly train its employees, including Defendant Lipscomb prior to allowing him to operate the truck at issue;

    b. failing to implement proper procedures, policies and/or safeguards to ensure that its employees were safe and competent drivers before entrusting its commercial vehicles to them;

c. failing to properly investigate Defendant Lipscomb driving record prior to allowing him to utilize its truck;

d. permitting Defendant Lipscomb to operate its truck when it knew or should have known that he was not capable of operating the same in a safe manner;

e. failing to ensure that its employees, drivers and/or agents complied with the provisions of both the Pennsylvania Motor Vehicle Code and the Federal Motor Carrier Safety Regulations;

f. failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

g. failing to monitor and/or regulate its driver's actions;

h. hiring and/or continuing to employ Defendant Lipscomb despite the fact that it knew or should have known that he was not properly qualified and/or trained;

i. failing to have policies and/or procedures in effect regarding the operating of a tractor trailer;

j. failing to have policies and procedures in effect at the time of the accident regarding safety;

k. failing to hold any formal safety meeting and/or safety seminars;

l. failing to have any means to monitor a driver's log records including Defendant Lipscomb;

m. allowing Defendant Lipscomb to operate the tractor trailer when Defendants knew or should have known that Defendant Lipscomb was under the influence of cocaine and alcohol;

n. failing to keep proper records pertaining to their driver, Defendant Lipscomb, with respect to his motor vehicle record;

o. failing to properly investigate Defendant Lipscombs' driving record and/or previous experience in employment before allowing Defendant Lipscomb to operate the tractor trailer;

p. failing to have policies and procedures implemented at the time of the accident regarding drug and alcohol testing;

q. failing to require Defendant Lipscomb to undergo a drug and alcohol screening at any time during his employment including after the accident;

r. failing to have any policies and procedures regarding disciplinary action of a driver including Defendant Lipscomb prior to the accident;

s. failing to implement the appropriate procedures and guidelines to screen drivers to ensure they are capable of driving a tractor trailer;

t. failing to maintain any certification of violations with respect to its drivers including Defendant Lipscomb;

u. failing to perform annual reviews with respect to its drivers including Defendant Lipscomb;

v. failing to adopt appropriate employee manuals and/or training procedures;

w. failing to enforce its employee manuals and/or training procedures;

x. failing to enforce both the written and unwritten policies of Defendant Waterman Excavating, Inc.;

y. failing to have any safe policies or procedures either written or unwritten in effect for their drivers at the time of the accident;

10

z. failing to ensure that its' employees, drivers and/or agents were aware of and complied with the written and unwritten policies of the Defendant Waterman Excavating, Inc.;

aa. failing to ensure that its management, personnel and drivers were aware of the requirements and dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

bb. failing to ensure that its employees, drivers and/or agents comply with the provision of both the Pennsylvania Motor Vehicle Code and the Federal Motor Carrier Safety Regulations; and

cc. failing to ensure that its employees, drivers and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles.

31. As a direct result of the aforesaid carelessness, recklessness and negligence, the Plaintiff Michael Carroll endured the damages and injuries set forth above.

**WHEREFORE**, Plaintiff Michael Carroll demands judgment against the Defendants in an amount in excess of the $75,000.00 jurisdictional limits for diversity jurisdiction together with punitive damages, costs, delay damages, prejudgment and post judgment interest as the law may allow.

### COUNT III – LOSS OF CONSORTIUM
**(Marian Carroll Vs. Waterman Excavating, Inc., And Cecil Lipscomb, Jr.)**

32. The Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 28 inclusive as though the same were fully set forth at length

11

herein.

33. Solely as a result of the injuries sustained by her husband, Michael Carroll, in the subject accident, Plaintiff Marian Carroll has been deprived of care, comfort, assistance and consortium of her husband and will continue to be deprived of the forgoing for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff Marian Carroll demands judgment against the Defendants in an amount in excess of the $75,000.00 jurisdictional limits for diversity jurisdiction together with costs, delay damages, prejudgment and post judgment interest as the law may allow.

/s/ Brian J. Walsh
Brian J. Walsh
Pa. Atty. ID No. 82200
BLAKE & WALSH, LLC
436 Jefferson Avenue
Scranton, PA  18510
(570) 342-0505
(570) 342-0999 – fax
bwalsh@BlakeWalshLaw.com

Dated: November 3, 2017      *Attorney for Plaintiff*