# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CARROLL and MARIAN CARROLL,<br><br>    Plaintiffs,<br><br>        v.<br><br>WATERMAN EXCAVATING, INC. and CECIL LIPSCOMB, JR.,<br><br>    Defendants. | NO. 3:17-CV-2027<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is a Complaint filed by Plaintiffs Michael Carroll and Marian Carroll. (*See* Doc. 1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

## **I. Background**

Plaintiffs commenced this action on November 3, 2017. (*See* Doc. 1). Plaintiffs allege that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 by virtue of the amount in controversy and the complete diversity of the parties. (*See id*. at ¶ 5).

Plaintiffs Michael and Marian Carroll are alleged to be adult individuals that "reside[ ] at 421 Champion Circle, Throop, Lackawanna County, Pennsylvania, 18512." (*Id*. at ¶¶ 1-2). Defendant Waterman Excavating Inc. is "a single location business that is privately owned which maintains its principle [sic] place of business at 2 Gavin Avenue, Adams, Massachusetts 01220." (*Id*. at ¶ 3). Defendant Cecil Lipscomb, Jr. "resides at 306 Beaver Street, North Adams, Massachusetts 01247 . . . ." (*Id*. at ¶ 4).

## **II. Discussion**

Federal courts have an obligation to address issues of subject matter jurisdiction

*sua sponte*. *See Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the V.I.*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiffs' Complaint alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for diversity jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.     Citizenship of Plaintiffs.**

The Complaint fails to adequately allege the citizenship of Plaintiffs. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state in which he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson*

2

*v. Osenton*, 232 U.S. 619, 625 (1914).

To the extent the Complaint alleges that Plaintiffs "reside[ ]" in Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity."). To properly plead diversity, the state of citizenship of each Plaintiff must be alleged, not merely his or her state of residence. As the Complaint does not contain these facts, the Court cannot determine whether subject matter jurisdiction exists.

**B.     Citizenship of Defendants.**

The Complaint also fails to properly allege the citizenship of Defendants. For reasons explained above with respect to the allegations regarding the citizenship of Plaintiffs, the allegations of individual Defendant Cecil Lipscomb, Jr.'s citizenship are inadequate. Although he is alleged to "reside[]" in Massachusetts, this is insufficient. To properly plead diversity, Plaintiffs must allege his state of citizenship, not merely his state of residence.

Plaintiffs also fail to properly allege the citizenship of Defendant Waterman Excavating Inc. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). If a party is a corporation, in order to properly plead diverse citizenship, a plaintiff must allege both the corporation's state of incorporation and its principal place of business. *See VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014). A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of

business," rather than "its principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010).

Here, while the Complaint adequately identifies where Waterman Excavating Inc. has its principal place of business, the Complaint fails to allege its state of incorporation. Because Plaintiffs do not identify the corporate Defendant's state of incorporation, Plaintiffs have not properly plead the citizenship of the corporate Defendant.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, this matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Plaintiffs will be given an opportunity to amend the Complaint to adequately allege the existence of diversity jurisdiction. Plaintiffs will be granted twenty-one (21) days in which to file an amended complaint. Failure to do so will result in this action being dismissed.

An appropriate order follows.


November 6, 2017                  /s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                               United States District Judge